UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x    **NOT FOR PUBLICATION**
CHERYL D. UZAMERE,

                       Plaintiff,   **MEMORANDUM AND ORDER**

     -against-   08-CV-891 (NGG)

CONDOLEEZA RICE, MICHAEL CHERTOFF,
JULIE MYERS, EHIGIE EDOBOR UZAMERE,
IRIAGBONSE IROWA-UZAMERE, GEORGE
UZAMERE, ETHEL UZAMERE, ALBERT
UZAMERE, JOANN EGHEOSA UZAMERE,
EUGENE UZAMERE, ESQ., CLARK BRUNO,
ESQ., ALLEN E. KAYE, ESQ., DANIEL
SULLIVAN, ESQ., HARVEY SHAPIRO, ESQ.,
JACK GLADSTEIN, ESQ., UNITED STATES
OF AMERICA, UNITED STATES DEPARTMENT
OF STATE, UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, UNITED STATES
DEPARTMENT OF CITIZENSHIP AND
IMMIGRATION SERVICES, A.K.A. UNITED
STATES IMMIGRATION AND NATURALIZATION
SERVICE, UNITED STATES DEPARTMENT OF
IMMIGRATION AND CUSTOMS ENFORCEMENT,
NEW YORK STATE, NEW YORK STATE
GRIEVANCE COMMITTEE FOR THE 2ND AND 11TH
DEPARTMENTS, CITY OF NEW YORK, NEW
YORK CITY POLICE DEPARTMENT, NEW YORK
CITY HUMAN RESOURCES ADMINISTRATION/
DEPARTMENT OF SOCIAL SERVICES, LYCOS
CORPORATION, GOOGLE CORPORATION, and
YOUTUBE CORPORATION,

                       Defendants.
----------------------------------------------------------------x
NICHOLAS G. GARAUFIS, United States District Judge.

     Plaintiff Cheryl D. Uzamere ("Uzamere"), proceeding *pro se*, brings this action against

Defendants alleging various misdeeds related to her abandonment by her husband Ehigie Edobor

Uzamere ("Ehigie Edobor") over 20 years ago. The court grants Uzamere's request to proceed *in*

1

*forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. For the reasons set forth below, this action is DISMISSED.

I.  **BACKGROUND**

In an earlier action, filed on June 18, 2007, Uzamere sued Ehigie Edobor and various Nigerian government officials for failing to respond to her requests for information concerning Ehigie Edobor, who is now apparently living in Nigeria. (See Complaint (No. 07-CV-2471 Docket Entry # 1)). In that action, Uzamere alleged that she married Ehigie Edobor on November 21, 1979 and that he abandoned her while she was pregnant and failed to pay child support by using a fictitious social security number. (Id. ¶¶ 3-5.) The court dismissed the action, *inter alia*, for lack of subject-matter jurisdiction. (See Memorandum and Order dated July 6, 2007 ("July 6 Order") (No. 07-CV-2471 Docket Entry # 4) at 3-4.)

On February 22, 2008, Uzamere filed a complaint against various defendants alleging various constitutional and federal statutory violations related to Ehigie Edobor's alleged actions. (Complaint (Docket Entry # 1).) On March 12, 2008, Uzamere filed an amended complaint dropping her claims against defendants President Bush and Attorney General Mukasey, but adding numerous additional defendants, including state and city agencies, individuals, and internet companies. (First Amended Complaint (Docket Entry # 5).) On March 14, 2008, Uzamere filed a second amended complaint dropping her claims against defendant Judge Eric Prus. (2nd Amended Complaint ("Complaint") (Docket Entry # 6).) Uzamere seeks a jury trial, injunctive relief, including a criminal investigation of her husband, and $100 million in punitive damages from defendants. (See id. at 17.)

2

## II. STANDARD OF REVIEW

In reviewing the Complaint, the court is mindful that Uzamere is proceeding *pro se* and that her pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint "at any time" if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," the court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

For the reasons set forth below, the Complaint is dismissed for failure to state any claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). It should be kept in mind that the Complaint is defective in numerous ways, and that the court's decision to dismiss a count because of a particular defect does not mean that that particular defect is the only one present. In particular, although not discussed below, Uzamere's Complaint is defective in that it seeks monetary relief from defendants, like the federal government, that are immune from such relief.

## III. DISCUSSION

### A. Count I: Violation of Title 18 U.S.C. § 4

Uzamere alleges in Count I that Defendants violated 18 U.S.C. § 4, which criminalizes the concealment and non-reporting of a felony by a person who has "knowledge of the actual commission of" the felony. This is a criminal statute, whose enforcement is "solely within the discretion of the prosecutor." Leeke v. Timmerman, 454 U.S. 84, 87 (1981). The Supreme Court has stated that "a private citizen lacks a judicially cognizable interest in the prosecution or

nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Count I must therefore be dismissed for failure to state a claim.

B.  Count II: Violation of Title 18 U.S.C. §§ 1961-1968

Uzamere alleges in Count II that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, by engaging in a scam to obtain green cards for Nigerian immigrants through fraudulent marriages. To state a claim under RICO, a plaintiff "must allege and prove the existence of an enterprise which is separate and distinct from the alleged pattern of racketeering activity." Goldfine v. Sichenzia, 118 F. Supp. 2d 392, 400 (S.D.N.Y. 2000). Since Uzamere has failed to allege the existence of any such enterprise separate from the alleged pattern of racketeering activity, Count II must also be dismissed for failure to state a claim.

C.  Count III: Violation of the Civil Rights Act

In Count III, Uzamere alleges that:

Defendants frequently work in concert with attorneys of a specific ethnocentric group that have more political power than do the African-American women who have been victimized by the clients of the aforesaid attorneys; that the fraudulent marriages that are the product of a conspiracy by the immigration lawyers of said ethnic group and their Nigerian clients intentionally target African-American women because of the low social status that has been forcibly placed on African-American women by members of the Defendant attorneys' ethnic group.

To state a claim for a conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985, a complaint must contain more than "conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights." Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993) (internal citation omitted). Count III is conclusory and vague in nature and therefore must be dismissed for failure to state a claim.

D.  Count IV: Violation of the Patriot Act

4

Uzamere alleges in Count IV that Defendants have violated 31 U.S.C. § 5318(l) "by allowing immigrant clients to present falsified names or other false information to them that may eventually be submitted to the Court as true." 31 U.S.C. § 5318(l)(1) requires the Secretary of the Treasury to "prescribe regulations setting forth the minimum standards for financial institutions and their customers regarding the identity of the customer that shall apply in connection with the opening of an account at a financial institution." This statute is clearly inapplicable here. Moreover, the Patriot Act, of which this provision is a part, affords no private cause of action. Aiken v. Interglobal Mergers and Acquisitions, 05-CV-5503 (LAP), 2006 WL 1878323, *2 (S.D.N.Y. July 5, 2006). Count IV must be dismissed for failure to state a claim.

E.  Count V: Violation of the Federal Rehabilitation Act of 1973 and the Americans With Disabilities Act

Uzamere alleges in Count V that "[a]t points throughout the 28 years in which she petitioned the Defendants for assistance in reporting and prosecuting the husband, . . . the Defendants intentionally ignored her because of Uzamere's status as being mentally ill." Uzamere alleges that Defendants have thereby violated the Federal Rehabilitation Act of 1973 and the Americans with Disabilities Act. To prevail on a claim under the Federal Rehabilitation Act, a plaintiff must demonstrate that (1) she is a handicapped person under the Act; (2) she is "otherwise qualified" for the benefit being denied; (3) she is being denied the benefit solely because of her disability; and (4) the entity denying benefits receives federal financial assistance. Lincoln Cercpac v. Health and Hosps. Corp., 920 F. Supp. 488, 496 (S.D.N.Y. 1996). As none of the Defendants have any legal duty to prosecute, investigate, or report her husband, see *supra* text at 3 or *infra* text at 7-8, and Uzamere has not alleged that any Defendant normally undertakes such activities on behalf of private parties, Uzamere has failed to allege that she is

5

"otherwise qualified" for the benefit that she seeks, and her claim under the Federal Rehabilitation Act must be dismissed for failure to state a claim. Uzamere's claim under the Americans With Disabilities Act similarly must fail, for Uzamere has failed to allege the existence of a service, program, or activity whose benefits she has been denied. See id. at 497 ("Given that plaintiffs have not shown they are being denied . . . any benefit or service provided to the abled, we cannot conclude that plaintiffs have a substantial likelihood of success on the merits.") Uzamere's claim under the Americans With Disabilities Act must therefore also be dismissed for failure to state a claim.

### F. Counts VI and VII: First Amendment Violations

Uzamere alleges in Counts VI and VII that Defendants Jaewong Lee and Lycos violated her First Amendment rights when they removed various documents she had posted online, allegedly because of terms-of-service violations. Uzamere alleges that the other Defendants conspired with Lycos to suppress these documents.

Uzamere fails to state a claim against Lycos, as the First Amendment does not apply to a private party absent some reason to attribute an act of the private party to a state actor. Loce v. Time Warner Entm't Advance/Newhouse P'shp, 191 F.3d 256, 266 (2d Cir. 1999). Although Uzamere claims that Lycos "was impelled to remove" her documents, she has not sufficiently alleged that Lycos was compelled by any state actor to remove her documents. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 164 (1978) ("Our cases state that a State is responsible for the . . . act of a private party when the State, by its law, has compelled the act.") (internal citation and quotation marks omitted). Counts VI and VII must therefore be dismissed for failure to state a claim.

G.  Count VIII: Obstruction of Justice

Uzamere alleges in Count VII that the Defendants concealed from her the information she seeks about her husband, that Google, YouTube, and Lycos prevented her from publicizing her husband's misdeeds, that the New York State Grievance Committee for the 2nd and 11th Departments refused to entertain her complaints regarding her husband's and his attorneys' misdeeds, and that the City of New York and its agencies failed to investigate her husband. These allegations do not give rise to any cognizable cause of action, and so Count VII must be dismissed for failure to state a claim.

H.  Count IX: Extortion

Uzamere alleges in Count IX that Ehigie Edobor and Jack Gladstein, Ehigie Edobor's attorney, tried to trick Uzamere into divorcing Ehigie Edobor, but that "[w]hen Plaintiff showed herself not to be compliant, both Defendant Ehigie Uzamere and Defendant Jack Gladstein ended all discussion with the Plaintiff." This allegation does not give rise to any cognizable cause of action, and so Count IX must be dismissed for failure to state a claim.

I.  Count X: Action to Compel Federal Officials to Perform Mandatory Duty

Uzamere requests in Count X that the court:

> enforce the duty on all governmental agencies, governmental employees, and legal officers of the court to comply with the spirit of the Patriot Act and the responsibility placed primarily on Defendant U.S. Department of Homeland Security to compel Defendant Ehigie E. Uzamere also known as 'Godwin' Uzamere to produce identification so that the Plaintiff and the rest of the U.S. government can verify who he is and consolidate the fictitious alias 'Godwin Uzamere' with the [real name] 'Ehigie Edobor Uzamere.'

Mandamus relief under 28 U.S.C. § 1961 is appropriate "to compel officials to comply with the law when no judgment [or discretion] is involved in that compliance." Lyons v. Weinberger, 376

7

F. Supp. 248, 255 (S.D.N.Y. 1974). Because whether or not to investigate Uzamere's claims of identity theft is a discretionary decision, Uzamere is not entitled to mandamus relief. Count X must therefore be dismissed for failure to state a claim.

### III. CONCLUSION

Having liberally construed the Complaint, the court finds that Uzamere has no basis on which to proceed against any of the Defendants. Her factual allegations do not give rise to any cognizable cause of action.

This is the second time Uzamere has sought relief in this court against her estranged husband. (See July 6 Order (dismissing complaint against Ehigie Edobor and other defendants for lack of subject-matter jurisdiction)). Uzamere is warned that her attempt to obtain federal jurisdiction by citing to inapplicable federal statutes or by naming improper federal defendants will not be tolerated. Uzamere is put on notice that the filing of more frivolous complaints will result in her being precluded from obtaining *in forma pauperis* status to file complaints without leave of court. 28 U.S.C. § 1651; see also In re Martin-Trigona, 9 F.3d 226, 227-29 (2d Cir. 1993) (discussing various sanctions courts may impose upon vexatious litigants).

### II. CONCLUSION

The Complaint is DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal would not be taken in good faith and so *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

/signed/

Dated: Brooklyn, New York
April 𝒳, 2008

NICHOLAS G. GARAUFIS
United States District Judge